**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACI WALLERSTEIN, on behalf of herself and all others similarly situated,<br><br>     Plaintiff,<br>  v.<br><br>DOLE FRESH VEGETABLES, INC.<br><br>     Defendant. | Case No. 2:13-cv-07271-ODW(VBKx)<br><br>**ORDER DENYING STIPULATION EXTENDING TIME FOR PLAINTIFF TO MOVE FOR CLASS CERTIFICATION [58]** |

On October 8, 2013, the parties filed a joint stipulation to continue the class certification filing deadline.  (ECF No. 58.)  The parties request that the Court continue the certification deadline to 90 days after the Court rules on Dole's pending motion to dismiss.  Wallerstein further avers that she needs more time to conduct class-certification discovery and prepare her motion

Wallerstein's assertion that she needs more time to conduct class-certification discovery does not amount to good cause for continuing the certification deadline. District courts have broad discretion over the class-certification process, including whether to permit certification-related discovery.  *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009).  A party is not entitled to certification discovery, though the pleadings alone often do not suffice to resolve the certification

/ / /

question.  *Id.*  When a district court sets a deadline, the party seeking to alter that date must present good cause for the change.  Fed. R. Civ. P. 6(b)(1).

Permitting Wallerstein to extend the certification filing deadline to conduct discovery would subvert the interests of diligence required by Federal Rule of Civil Procedure 23(c)(1)(A).  While Federal Rule 23 does not include a time period, Local Rule 23-3 provides that within "90 days after service of a pleading purporting to commence a class action . . . the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court."  The plain language of the Local Rule is clear and unambiguous.  To permit extension of the 90-day deadline would frustrate Rule 23(c)(1)(A)'s directive, which requires the court to determine at "an early practicable time . . . whether to certify the action as a class action."

Additionally, the length of the parties' requested continuance is unreasonable.  This action was transferred to this Court from the Northern District of California on October 4, 2013.  (ECF No. 55.)  Accordingly, Wallerstein's certification motion must be filed by December 30, 2013.  The hearing date for Dole's Motion to Dismiss is November 8, 2013.  (ECF No. 43.)  Thus, the requested 90-day extension would give Wallerstein until February 8, 2014—at the earliest—to file her motion for class certification.  This extension is excessive.  The November 8, 2013 hearing date still affords Wallerstein 52 days—almost double a standard briefing period—to file her certification motion.  Thus, the added efficiency of postponing the class-certification deadline to 90 days after the motion to dismiss is negligible at best.  In sum, the parties have not shown good cause to continue the certification deadline.

Sound practical considerations undergird the demand for a timely class-certification motion.  A representative plaintiff's delay in filing for class certification impedes the court's consideration of the issue and—more importantly—can prejudice the rights of the class members.  Indeed, "pertinent statutes of limitation may be running and important interests may be exposed to injury or destruction."  *Jones v.*

1   *Hartford Ins. Co. of Midwest*, 243 F.R.D. 694, 695 (N.D. Fla. 2006).   While the

2   determination of class certification is delayed, members of a putative class "may be

3   led by the very existence of the lawsuit to neglect their rights until after a negative

4   ruling on this question—by which time it may be too late for the filing of independent

5   actions."   *Id.*   Of course, these harms are not a concern if the action is ultimately

6   determined to be properly maintainable as a class action.   But that can be known only

7   after the class-certification motion is filed.

8       For the reasons stated above, the Court **DENIES** the parties' Stipulation

9   Extending Time for Plaintiff to Move for Class Certification.   Wallerstein's Motion

10  for Class Certification must be filed by **December 30, 2013**—the Monday before the

11  end of the 90-day deadline provided by Local Rule 23-3.

12

13      **IT IS SO ORDERED.**

14      October 9, 2013                          _____

15                                              **OTIS D. WRIGHT, II**

16                                          **UNITED STATES DISTRICT JUDGE**